## Morrow *v.* Moses.

In action of trespass for tearing down, burning and destroying the plaintiff's house, evidence of threats, by the defendant, that he would tear the house down, that he would blow it up with powder, accompanied with hostile expressions towards the plaintiff and the occupants of the house, is competent for the consideration of the jury.

Trespass for tearing down, destroying and burning the plaintiff's dwelling-house. The trespass proved was the burning of the house.

On the trial, the plaintiff offered evidence of various threats, made by the defendant, at different times within two or three months prior to the time the house was burned, that he would tear the house down—that he would blow it up with powder—accompanied with expressions of hostility towards the plaintiff and his family who occupied the house.

To this evidence the defendant objected, but the court ruled that it was admissible to be considered in connexion with the other evidence of a different character offered, tending to prove that the defendant was guilty of the trespass proved.

A verdict being rendered for the plaintiff, the defendant moved that the same be set aside and a new trial ordered for error in said ruling of the court.

*Flint*, for the plaintiff.

*Burt, Burns & Fletcher*, for the defendant.

GILCHRIST, C. J.   It is not necessary to cite authorities, for the purpose of showing that if the defendant had been indicted for the crime of àrson, it would have been competent to prove that he had threatened to tear the house down, and would blow it up with powder, with hostile expressions towards the plaintiff and the occupants of the house; and it is every day's experience that such testimony is offered.   The only difference between an indictment for arson and the present case is, in the amount of punishment; and the same principle that would authorize the introduction of such evidence in the one case, would render it competent in the other.   The evidence is competent for the consideration of the jury, upon the question whether the defendant committed the trespass alleged.   The fact of the burning having been proved, threats by the defendant, that he would burn the *house*, are very strong evidence that he did burn it, and we can see no objection to the testimony.

*Judgment on the verdict.*